| | |
|---|---|
| **Wilmer DIAZ**<br>8757 Georgia Avenue #400<br>Silver Spring, MD 20910<br><br>    Plaintiff<br>    v.<br><br>**SANGAM ELLICOTT CITY, LLC**<br>10039 Baltimore National Pike Unit A<br>Ellicott City, MD 21042<br>SERVE ON:   Zeeshan Chaudhry<br>                9 Amiel Court<br>                Towson, MD 21286<br><br><br>**SANGAM LLC**<br>9 Amiel Court<br>Towson, MD 21286<br>SERVE ON:   Zeeshan Chaudhry<br>                9 Amiel Court<br>                Towson, MD 21286<br><br>**Zeeshan CHAUDHRY**<br>9 Amiel Court<br>Towson, MD 21286<br><br>    Defendants | UNITED STATES DISTRICT COURT<br><br>FOR THE DISTRICT OF MARYLAND<br><br><br>CASE: _____ |

## COMPLAINT FOR WAGE VIOLATIONS

Plaintiff Wilmer DIAZ ("Mr. Diaz") by and through attorney T. Bruce Godfrey of ZIPIN AMSTER & GREENBERG, LLC, sues SANGAM ELLICOTT CITY, LLC ("Sangam Ellicott City"), SANGAM LLC ("Sangam Cockeysville") and Mr. Zeeshan CHAUDHRY ("Mr. Chaudhry") for violations of

- The United States Fair Labor Standards Act, 29 U.S.C. § 201-219 inclusive ("FLSA")

- the Maryland Wage and Hour Law (Md. Code Annotated, Labor & Employment Article, Title 3, Subtitle 4, "MWHL")

and

- the Maryland Wage Payment and Collection Law (Md. Code Annotated Labor & Employment Article, Title 3, Subtitle 5, "MWPCL").

For economy, this pleading will refer to subsections of the MWHL and MWPCL by the shortened forms "§3-4xx" and "§3-5xx".

## PARTIES

1. Wilmer Diaz is an adult resident of Howard County, Maryland, who during the relevant period defined below, worked for some or all of the Defendants as a restaurant kitchen worker. For privacy, this pleading uses the Silver Spring, Maryland business address of his counsel of record as Mr. Diaz's address with the Clerk.

2. Mr. Chaudhry is an adult resident of Baltimore County, Maryland who is the operator and majority owner of Sangam Ellicott City and Sangam Cockeysville.

3. Sangam Ellicott City and Sangam Cockeysville (collectively, "the two Sangams") are two Maryland limited liability companies formed by Mr. Chaudhry, with SDAT identification numbers W24869026 and W21884093. Per information, the primary business assets of each of two Sangams are restaurants on Baltimore National Pike in Ellicott City, Howard County, Maryland and on Cranbrook Road in Cockeysville, Baltimore County, Maryland, respectively.

4. The two Sangams share overlapping or interlocking marketing, ownership, brand identity and business models such that treating them as one business enterprise employer is fair and accurate in economic reality.

5. Upon information and belief, the two Sangams constitute one business enterprise grossing in sales in excess of $500,00.00 combined.

6. At times relevant defined below, Mr. Chaudhry controlled the hiring, work hours, work pay, work duties, payment methods and employment records of the two Sangams, both directly and through managers under his authority, and accordingly qualifies as an "employer" of Mr. Diaz under applicable wage and hour laws per "economic reality tests" under those laws.

## JURISDICTIONAL STATEMENT

7. This Complaint alleges a federal claim in Count I.

8. This Complaint alleges in Counts II and III claims under Maryland law comprising components of the same case and controversy.

9. This Complaint lies within this Court's subject matter jurisdiction per 28 U.S.C. §§ 1331 and 1367.

10. Defendants all reside or do business within this judicial district; accordingly, venue is proper per 28 U.S.C. § 1349. Additionally, substantially all of the events discussed herein occurred within this judicial district; venue under 28 U.S.C. § 1349 lies for that additional reason.

## FACTS

11. The Defendants employed Mr. Diaz as a dishwasher at Sangam Ellicott City's restaurant on Baltimore National Pike from June through August 2025 (the "Relevant Period.")

12. The Defendants worked Mr. Diaz approximately 75 hours/week and paid him $800/week salary.

13. Specifically, the Defendants worked Mr. Diaz from 10 AM to 10 PM five days a week and from 10 AM to 11 PM on Fridays and Saturdays, with lunch breaks of 1-2 hours daily.

14. The Maryland minimum wage is $15/hour and was at that rate during the entirety of the Relevant Period within 2025, per § 3-413.

15. Mr. Diaz was by statute entitled to 150% of his regular wage of no less than $15/hour for all of his work hours in excess of 40 hours/week.

16. The minimum wage for a 75-hour/week employee in Maryland in 2025 is $1387.50.

17. The minimum weekly wage for a worker working 49 hours a week in Maryland in 2025 is $802.50.

18. By failing to pay the minimum wage of $15.00/hour as a regular wage and $22.50 for all work time in excess of 40 hours per week, Defendants violated:
    a. The Maryland minimum wage per § 3-413, and
    b. The Maryland overtime requirements per §§ 3-415 and 3-420.

19. By failing to pay 150% of the regular wage for all hours worked in excess of 40 per week, Defendants violated 29 U.S.C. § 207.

20. No good faith belief justifies or mitigates the misconduct of the Defendants.

21. No bona fide dispute justifies or mitigates the misconduct of the Defendants.

22. More than 14 days have passed since the due date of all wages due under § 3-502, which requires timely and regular payments of all wages no less than twice monthly for non-exempt dish room workers.

23. Overtime and minimum wages are "wages" for purposes of 29 U.S.C. § 201, § 3-401 and 3-501.

24. Treble damages lie against all Defendants as "employers" under §§ 3-501 and 3-507.2, jointly and severally.

25. Doubled liquidated damages lie against all Defendants as "employers" under §§ 3-401 and 3-427.

26. Double liquidated damages lie against all Defendants as "employers" under 29 U.S.C. § 216.

27. Reasonable counsel fees and costs lie under section 3-507.2 and are mandatory per "shall award" provisions under section 3-427 and 29 U.S.C. § 216.

28. Precise calculations of wage damages will require discovery of, inter alia, time and pay records that the Defendants are obliged to maintain under section 3-427 and applicable provisions of the Fair Labor Standards Act and related regulations.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. All prior paragraphs of this pleading are incorporated as if restated herein.

30. Defendants owed, but did not pay, to Mr. Diaz the regular minimum wage of $15.00/hour under Maryland law.

31. Defendants maintained an illegally low regular weekly wage of $800/75 hours or $10.667/hour.

32. Defendants owed, but did not pay, to Mr. Diaz the required overtime wage of 150% of the regular minimum wage, for all hours worked in excess of 40 hours/week.

33. Defendants owed to Wilmer Diaz no less than $16.00 under the most conservative definition of "regular rate at which he is employed" per 29 U.S.C. § 207(a)(1) for hourly work in excess of 40 hours per week. While more than that sum is owed under Maryland law, no less is owed.

34. Defendants paid less than the required overtime wage under 29 U.S.C. § 207.

35. No good faith belief by the Defendants justifies or mitigates their conduct.

36. A judgment for the underpaid overtime wages, 100% additional liquidated damages, reasonable attorneys' fees and costs lies under 29 U.S.C. § 216.

## **COUNT II – VIOLATION OF THE MWHL**

37. All prior paragraphs of this pleading are incorporated as if restated herein.

38. Defendants owed, but did not pay, to Mr. Diaz the minimum wage of $15.00/hour.

39. Defendants owed, but did not pay, to Mr. Diaz the required overtime wage of $22.50/hour, i.e., 150% of the regular minimum wage, for all hours worked in excess of 40 hours/week.

40. No good faith belief by the Defendants justifies or mitigates their conduct.

41. A judgment for the underpaid minimum wages and overtime wages, 100% additional liquidated damages, reasonable attorneys' fees and costs lies under section 3-427.

## COUNT III – VIOLATION OF THE MWPCL

42. All prior paragraphs of this pleading are incorporated as if restated herein.

43. Defendants owed, but did not pay, to Mr. Diaz the minimum wage of $15.00/hour.

44. Defendants owed, but did not pay, to Mr. Diaz the required overtime wage of $22.50/hour, i.e., 150% of the regular minimum wage, for all hours worked in excess of 40 hours/week.

45. No bona fide dispute of/by the Defendants justifies or mitigates their conduct.

46. More than 14 days have passed since the due date of all due wages.

47. Treble damages lie for the unpaid wages as do reasonable attorneys' fees and costs.

## AD DAMNUM

48. Plaintiff demands a judgment in the amount of $21,150.00 plus costs and statutory attorneys' fees against all Defendants jointly and severally.

## JURY TRIAL PRAYER

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

_____
T. Bruce Godfrey #24596
**Zipin Amster & Greenberg, LLC**
8757 Georgia Avenue #400
Silver Spring, MD 20910
301-587-9373
Fax: 240-839-9142
bgodfrey@zagfirm.com
Attorney for Plaintiff